UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Terry Felton,<br><br>　　　　　　　　　　　Plaintiff,<br>　　-v-<br><br>Mid-Bronx Senior Citizens Council Inc.,<br>Mid-Bronx CCRP Early Childhood Center, Inc.,<br>Mid-Bronx Housing Development Fund Corporation,<br>Morris Avenue Associates, L.P., and<br>Jeanette Puryear,<br><br>　　　　　　　　　　　Defendants. | Civ. Action #:<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

　　　　Plaintiff Terry Felton ("Plaintiff" or "Felton"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Mid-Bronx Senior Citizens Council Inc., Mid-Bronx CCRP Early Childhood Center, Inc., Mid-Bronx Housing Development Fund Corporation, Morris Avenue Associates, L.P., and Jeanette Puryear (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate and/or 1.5 times the applicable NYS minimum wage rate, for each and all such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

1

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including Section §§ 191, 193, and compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff also complains that he was terminated and discharged in discrimination and retaliation by Defendants because, in good faith, he claimed overtime wages he worked for and was entitled to under the FLSA and NYLL and opposed Defendants' position against paying for such overtime wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Terry Felton ("Plaintiff" or "Felton") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

9. At all times relevant herein, Defendant Mid-Bronx Senior Citizens Council Inc. ("Mid-Bronx Senior") was a New York Corporation.

10. At all times relevant herein, Defendant Mid-Bronx CCRP Early Childhood Center, Inc. ("Mid-Bronx CCRP") was a New York Corporation.

11. At all times relevant herein, Defendant Mid-Bronx Housing Development Fund Corporation ("Mid-Bronx Housing") was a New York Corporation.

12. At all times relevant herein, Defendant Morris Avenue Associates, L.P. ("Morris Avenue") was a New York limited liability company.

13. At all times relevant herein, Defendant Jeanette Puryear ("Puryear"), managed and controlled the other Defendants as well as Plaintiff's employment herein from a central location at 900 Grand Concourse Bronx, NY 10451 – checks were issued at various times through the various Defendants, but Plaintiff's employment with Defendants was essentially the same throughout.

14. At all times relevant herein, Defendants, individually and/or jointly, owned and/or operated numerous buildings and Plaintiff worked in several of Defendants' multi-story buildings in Bronx, New York including the buildings located at 900 Grand Concourse Bronx, NY 10451 – a building with over 30 units, and 964 Morris Ave, Bronx, NY 10456.

15. At all times relevant herein, Defendants individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed these functions as to Plaintiff.

16. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

## STATEMENT OF FACTS

17. Upon information and belief, and at all relevant times herein, Defendants were engaged in

3

the business of building ownership and management.

18. Upon information and belief, and at all relevant times herein, Defendants owned and/or operated several buildings and employed about 300 or more employees.

19. Plaintiff was employed by Defendants, individually and/or jointly, from in or around October 2019 to on or about March 28, 2022.

20. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as a manual worker within the meaning of NYLL § 191(1)(a)(i) – performing a wide variety of repetitive manual and physical work such as cleaning, mopping, lifting, moving and handling garbage, sweeping, repairs, etc. throughout his workday, etc.

21. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last hourly rate of pay was about $15.00 an hour.

22. At all times relevant herein, Plaintiff worked about 54-63 or more hours each week for Defendants and sometimes more; 6-7 days a week – with the exception of about 2-3 weeks each year.

23. Although Plaintiff was paid for some overtime hours, Plaintiff was not paid any wages for about 11-12 overtime hours worked each week - with the exception of about 2-3 weeks each year, during his employment with Defendants. Defendants had a policy and practice of improperly deducting about 60 minutes or more each day from Plaintiff's work time. However, due to the demands of his job and as required by Defendants, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL – as further reflected in the time records. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 6-7 overtime hours worked each week during his employment with Defendants, with the exception of about 2-3 weeks each year, which he seeks to recover with this action and for which he was not paid any wages. In addition, Plaintiff was also not paid for about five (5) or more overtime hours each week that he worked beyond his schedule in order to complete work and/or in responding to afterhours

matters in the buildings of an urgent or emergency nature – Plaintiff was not aid any wages for this additional work and overtime.

24. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR § 141, 142 are incorporated herein by reference.

25. At all times relevant herein and for the time Plaintiff was employed by Defendants, individually and/or jointly, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week with the exception of about 2-3 weeks each year.

26. At all times relevant herein, Defendants paid Plaintiff later than weekly - on a bi-weekly basis in violation of NYLL § 191 (1)(a)(i). See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

27. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL § 195(1). *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

28. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL § 195(3) - the statements provided to Plaintiff did not state all wages earned by Plaintiff nor Plaintiff's correct overtime rate of pay, among other deficiencies. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

29. Plaintiff was terminated/discharged by Defendants for claiming in good faith, some overtime hours and wages[1] he was entitled to under the FLSA and NYLL - overtime hours worked because of the demands of the job and as required by Defendants. However, despite the requirements of the FLSA and NYLL, Defendants had a practice of not wanting to pay for

---

[1] The work hours and overtime wages claimed by Plaintiff for which he was fired by Defendant by letter dated March 28, 2022 does not include most of the overtime wages Plaintiff is claiming in this case – after Plaintiff's Plaintiff it was determined that work hours claimed herein constituted compensable time within the meaning of the

most overtime hours worked and when Plaintiff claimed overtime wages under the FLSA and NYLL for some overtime hours he worked, he was terminated as a result by Defendants on or about March 28, 2022.

30. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

31. At all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors and other businesses outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of materials, and other essential supplies for its business.

33. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

34. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

35. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

37. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state wage posters as required by 29 CFR § 516.4 and 12 NYCRR § 142-2.8.

---

FLSA and NYLL and which Defendants should have paid Plaintiff for.

38. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

39. "Plaintiff" as used in this complaint refers to the named Plaintiff.

40. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. - Unpaid Overtime

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 USC 201 et Seq.

43. At all times relevant to this action, Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 207.

44. At all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

45. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff overtime wages at rates of at least 1.5 times his regular rate of pay for

each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

46. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142, 141 etc. (Unpaid Overtime)

47. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142, 141.

49. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay and/or 1.5 times the applicable NYS minimum wage rate, for each and all hours worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2 and 12 NYCRR § 141-1.4.

### Relief Demanded

50. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1) and the regulations thereunder.

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

8

51. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 50 above with the same force and effect as if fully set forth at length herein.

52. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

53. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL § 191 (1)(a)(i) who should have been paid all wages no later than weekly. See i.e. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

54. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, and wage deductions, Plaintiff was entitled to within the time required by NYLL §§ 191, 193 and 198.

55. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

56. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

## **Relief Demanded**

57. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid

wages, including his unpaid overtime, wage deductions, maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

56. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 55 above as if set forth fully and at length herein.

57. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

58. At all times relevant herein, Defendants were covered persons and/or entities within the meaning
of 29 USC § 215.

59. Defendants, individually and/or jointly, discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as claiming and claiming in good faith, overtime wages he was entitled to under the FLSA and opposing Defendant's position of not wanting to pay for such required overtime wages under the FLSA as further set forth above.

### Relief Demanded

60. Defendants have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to and seeks to recover from Defendants, individually and/or jointly, all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A FIFTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

61. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 59 above as if set forth fully and at length herein.

62. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law §§ 2, 215 and 651 and the

regulations thereunder.

63. At all times relevant herein, Defendants, individually and/or jointly, were covered persons and/or entities within the meaning of New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

64. Defendants, individually and/or jointly, discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of NYLL § 215 for engaging in protected activity such as claiming and claiming in good faith, overtime wages he was entitled to under the NYLL and opposing Defendants' position of not wanting to pay for such required overtime wages under the NYLL as further set forth above.

65. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

### Relief Demanded

66. Defendants, individually and/or jointly, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendants all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

58. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

59. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142, 141, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

60. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid overtime wages, wage deductions, plus maximum liquidated damages - including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL § 195(1) and NYLL § 195(3).

61. As to the **Fourth Cause of Action**, award Plaintiff all damages available under 29 USC §§ 215, and 216, including his lost wages, reinstatement/front pay, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

62. As to his **Fifth Cause of Action**, award Plaintiff all damages available under NYLL § 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to NYLL including § 215;

63. Award Plaintiff prejudgment interest on all monies due;

64. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

65. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **April 30, 2022**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF